IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 25 2012

WES HALL, CORONA FARMS, INC.,
STEPHENS PARTNERSHIP, MICHAEL
TAYLOR, SR., LONGLAKE PLANTATION,
and ROBERT L. WRIGHT

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

PLAINTIFFS

V.

CASE NO.: 5:12-CV-149 JMM

ALLSTATE ASSURANCE COMPANY

DEFENDANT

COMPLAINT This case assigned to District Judge _Moody_
and to Magistrate Judge_ _Deere_

Plaintiffs, Wes Hall, Corona Farms, Inc., Stephens Partnership, Michael Taylor,

Sr., Longlake Plantation, and Robert L. Wright, by and through their attorneys, Banks

Law Firm, PLLC, and for their Complaint against Defendant, Allstate Assurance

Company, states as follows:

## STATEMENT OF JURISDICTION AND VENUE

1.      Plaintiff Wes Hall is a resident of Pulaski County, Arkansas. Wes Hall is

the owner of real property which is the subject of this lawsuit located in Desha County,

Arkansas.

2.      Plaintiff Corona Farms, Inc. is an Arkansas Corporation with its principal

place of business in Phillips County, Arkansas. Corona Farms is the owner of real

property which is the subject of this lawsuit located in Desha County, Arkansas.

3.      Plaintiff Stephens Partnership is a partnership with its principal place of

business in Phillips County, Arkansas. Stephens Partnership is the owner of real property

which is the subject of this lawsuit located in Desha County, Arkansas.

4.      Plaintiff Michael Taylor, Sr. is a resident of Phillips County, Arkansas and

the principal in the entity known as Longlake Plantation. Michael Taylor, Sr. and

Longlake Plantation are the owners of real property which is the subject of this lawsuit located in Desha County, Arkansas.

5.     Plaintiff Robert L. Wright is a resident of Phillips County, Arkansas. Robert L. Wright is the owner of real property which is the subject of this lawsuit located in Desha County, Arkansas.

6.     Defendant Allstate Assurance Company is an insurance company authorized to do business in the state of Arkansas.

7.     The plaintiffs seek money damages against defendant for breach of contract relating to contracts for flood insurance. Therefore, this Court has original and exclusive jurisdiction of this matter pursuant to 42 U.S.C. § 4053.

8.     Plaintiffs further seek a declaration of rights and relations of the parties pursuant to policies of flood insurance issued by defendant on real property located in the Eastern District of Arkansas, Pine Bluff Division. Accordingly, jurisdiction and venue in this Court are proper pursuant to 42 U.S.C. § 4053.

STATEMENT OF FACTS

9.     In 1968, Congress created the National Flood Insurance Program ("NFIP") in order to, among other things, limit the damage caused by flood disasters through prevention and protective measures, spread the risk of flood damage among many private insurers and the federal government, and make flood insurance available on reasonable terms and conditions to those in need of it. See 42 U.S.C. § 4001(a).

10.     Congress provided flood insurance coverage for those in flood prone areas who would otherwise be unable to obtain insurance, and the program is currently operated by the Federal Emergency Management Agency ("FEMA").

11.     In 1983, FEMA, pursuant to its regulatory authority, 42 U.S.C. § 4081(a), created the Write Your Own ("WYO") program, which authorizes private insurance companies like defendants to issue flood insurance policies to qualified companies and individuals. 44 C.F.R. § 62.23.

12.     FEMA fixes the terms and conditions of the flood insurance policies, which, barring the express written consent of the Federal Insurance Administrator, must be issued without alteration as a Standard Flood Insurance Policy ("SFIP").

13.     The WYO company is required to disburse claims and to defend against claims, although FEMA reimburses the WYO company for both the costs of paying insured's claims and defending against disputed claims. While WYO companies are fiscal agents of the United States, they are not general agents of the federal government. FEMA ultimately bears the risk under the NFIP.

14.     Should a dispute arise between an insured and a WYO company regarding the payment of a claim on a policy of flood insurance, 42 U.S.C. § 4053 creates exclusive jurisdiction to hear and determine such action in federal district court where the insured property is located.

15.     As part of its regulatory duties and with the cooperation of local communities, FEMA prepares Flood Hazard Boundary Maps or Flood Insurance Rate Maps. Using these maps, FEMA identifies areas which are prone to high flood risks which are called Special Flood Hazard Areas ("SFHA").

16.     Pursuant to section 102(b) of the Flood Disaster Protection Act of 1973 ("FDPA"), the purchase of flood insurance is mandatory on all property located in an SFHA when a mortgage is obtained from a federally regulated lender.

17.     Pursuant to section 579 of the National Flood Insurance Reform Act of 1994 ("NFIRA"), there is a thirty (30) day waiting period before coverage under a new contract for flood insurance or any modification to coverage under an existing flood insurance contract becomes effective, with two exceptions.

18.     In response to NFIRA, FEMA quickly adopted new regulations clarifying that the thirty (30) day mandatory waiting period does not apply to "the initial purchase of flood insurance in connection with the making, increasing, extension, or renewal of a loan." See FEMA Policy Issuance 8-95.

19.     At all times relevant herein, the plaintiffs owned real properties located at S 28, T7S, R 2 E, 4 ½ miles east of Snow Lake, Arkansas, Island 69, Snow Lake, Arkansas which is in an area classified by FEMA as an SFHA. The properties are located near the Mississippi River.

20.     Due to the location of the properties, plaintiffs' homes are built up on stilts. Although water may have flowed under plaintiffs' homes in the past when the river was in extreme flood stages, none of plaintiffs' homes had flooded prior to May 2011.

21.     On or about May 2-5, 2011, plaintiffs obtained loans on their Island 69 properties from Helena National Bank in Helena, Arkansas. Per the mandatory flood insurance requirements of the FDPA, plaintiffs sought the assistance of their local Allstate insurance agent in Helena, Arkansas.

22.     On or about May 5-6, 2011, plaintiffs submitted applications for flood insurance to defendant through their Allstate agent along with premium payments in amounts varying from $352-$3,446. All payments were made on or before May 6, 2011.

23.     On or about May 2-6, 2011, defendant issued policies numbered 4803182711 (Hall), 4803169441 (Corona Farms), 4803315541 (Stephens), 4803152471

(Taylor and Longlake), and 4803169801 (Wright) with effective dates on or before May 6, 2011 which was the same date as plaintiffs' loan closings. The thirty (30) day waiting period was waived because the policies were mortgage requirements per FEMA regulation.

24.     At the time plaintiffs submitted their applications for flood insurance and premium payments to defendant, their properties were not flooded. At that time there was a small amount of water beneath the properties which are all built up on stilts; however, the water would have had to have risen more than six feet to damage any of the properties which is higher than the water was predicted to rise at the time.

25.     At the time the policies were issued by defendant, defendant knew of the condition of the water under plaintiffs' homes and wrote the flood insurance policies with an immediate effective date consistent with applicable FEMA laws and regulations.

26.     At the time the policies were issued by defendant, neither the plaintiffs or defendant knew whether or not plaintiffs' properties would suffer any flood damages and mutually accepted the risk associated with the payment of insurance premiums.

27.     On or about May 8-10, 2011, plaintiffs' properties began experiencing flooding causing substantial damage to the properties.

28.     After their properties flooded, plaintiffs informed their Allstate insurance agent and claims were submitted to defendant.

29.     After plaintiffs submitted their claims, they believed defendant intended to pay their claims pursuant to their flood insurance policies.

30.     However, defendant sent letters to plaintiffs stating that it was denying their claims. The basis for said denials, according to defendant, was that the loss was already in progress.

31.     Pursuant to the terms of the policies, plaintiffs appealed these decisions to FEMA. Subsequently, FEMA sent letters rendering an opinion again denying coverage based upon the loss in progress doctrine. In some cases FEMA cited as a reason for the denials a June 20, 2011 FEMA bulletin which apparently retroactively declared a flood in progress in Desha County, Arkansas on April 26, 2011.

## COUNT I - BREACH OF CONTRACT

32.     The plaintiffs re-allege and incorporate by reference paragraphs 1 thru 31 above.

33.     The policies of insurance between plaintiffs and defendant which were issued on plaintiffs' properties formed contracts by and between the parties.

34.     Pursuant to the terms of the contract, when the plaintiffs suffered loss in the form of flood damage to their home and personal property, defendant agreed to indemnify such loss and pay for damages and repairs in return for the payment of plaintiffs' premiums.

35.     By failing and refusing to cover the loss and to pay for the referenced flood damages and repairs, defendant is in breach of the contract between the parties.

36.     As a direct result of the failure of defendant to perform its duties under the contract, the plaintiffs have suffered damages in an amount in excess of flood policy limits and have incurred costs and attorneys' fees in connection with the material breaches by defendant.

## COUNT II – DECLARATORY JUDGMENT

37.     The plaintiffs re-allege and incorporate by reference paragraphs 1 thru 36 above.

38.     Plaintiffs are an "interested party" pursuant to 28 U.S.C. § 2201(a), and have the right to bring this action, pursuant to Federal Rule of Civil Procedure 57, to obtain a determination and declaration of the applicability and validity of the contracts of insurance issued by defendant in this case.

39.     At the time of the damages suffered herein, policies of insurance issued to plaintiffs were in full force and effect and were provided and accepted as proof of financial responsibility for the future.

40.     Plaintiffs have made inquiry and claims against defendant pursuant to the policies of insurance that were in force and effect on May 8-10, 2011, but defendant has not covered said losses and has not provided adequate reasons, rationale, or explanation for same.

41.     Plaintiffs seek a declaration from this Court requiring that coverage was in effect and applicable on the date the referenced losses were suffered, and an order requiring defendant to cover plaintiffs' losses.

## JURY DEMAND

42.     The plaintiffs respectfully request a trial by jury.

## PRAYER FOR RELIEF

43.     The plaintiffs are entitled to recover for the following elements of compensatory damage:

(a)     the replacement costs of their homes and all buildings and structures;

(b)     the replacement costs of all of plaintiffs' personal possessions damaged by the flood;

(c)     the loss of use of their properties;

7

(d)     debris removal;

(e)     emergency repairs; and

(f)     any and all other losses suffered as a result of flood damage to

plaintiffs' properties.

44.    The plaintiffs are entitled to declarations from this Court declaring that coverage was in effect and applicable on the date the referenced losses were suffered, and an order requiring defendant to cover plaintiffs losses, including costs and attorney's fees.

45.    The plaintiffs are entitled to attorney's fees and costs pursuant to 28 U.S.C. § 2412.

WHEREFORE, the Plaintiffs, respectfully requests that they be granted the relief sought herein, for their attorney's fees and costs, and for all other just and proper relief to which they may be entitled.

Respectfully submitted,

WES HALL, CORONA FARMS, INC.,
STEPHENS PARTNERSHIP, MICHAEL
TAYLOR, SR., LONGLAKE
PLANTATION, and ROBERT L.
WRIGHT,
Plaintiffs

BANKS LAW FIRM, PLLC
100 Morgan Keegan Drive, Suite 100
Little Rock, AR 72202
(501) 280-0100
(501) 280-0166

By: _____
Charles A. Banks (73004)
cbanks@bankslawfirm.us
Robert W. Francis (2007032)
rfrancis@bankslawfirm.us

8